UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 108.90.228.35,<br><br>         Defendant. | Case No.: 3:16-cv-432-BAS-NLS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**(Dkt. No. 4)** |

  Before the Court is Plaintiff Malibu Media, LLC's ("Plaintiff") *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (Dkt. No. 4.) No Defendant has been named or served, and so no opposition or reply briefs have been filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

  **I.**  **Background**

  This is one of numerous cases filed by Plaintiff alleging copyright infringement against a defendant using the BitTorrent file-sharing system. On February 18, 2016, Plaintiff filed this Complaint against "John Doe," who is allegedly a subscriber of AT&T Internet Services and assigned Internet Protocol ("IP") address 108.90.228.35 ("Defendant"). (Dkt. No. 1.) Plaintiff alleges Defendant infringed its copyrights by using the BitTorrent file distribution network, one of the most common peer-to-peer file

sharing systems used to distribute data such as digital movie files.  (Id. at ¶ 12.)  Plaintiff alleges Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization.   (Id. at ¶¶ 21-22; Exhs. A & B to Compl.)  Plaintiff asserts its works consist of erotic content "with a high production value and a cinematic quality." (Dkt. No. 4-2 at ¶ 3.)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the IP address from the Internet Service Provider ("ISP") who leased the address.  Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena under Federal Rule of Civil Procedure 45 on AT&T Internet Services that would require it to supply the name and address of its subscriber to Plaintiff.  (Dkt. No. 4-1 at 8.)  Plaintiff does not seek the telephone number or email address of the subscriber associated with Defendant's IP address.

## II.  Legal Standard

A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  However, courts have made exceptions to allow limited discovery after a complaint is filed to permit the plaintiff to learn the identifying information necessary to serve the defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  A party who requests early or expedited discovery must make a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").  Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808*

*Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (*quoting Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

To determine whether "good cause" exists to permit expedited discovery to identify John Doe defendants, district courts in this Circuit consider whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578-80.  Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process.  *Id.* at 580.  These factors are considered to ensure the expedited discovery procedure "will only be employed cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate."  *Id.*

### III. Discussion

#### a. Identification of Missing Party with Sufficient Specificity

Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court.  *Columbia Ins.*, 185 F.R.D. at 578.  Some district courts in this Circuit have determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4; *see Openmind Solutions, Inc. v. Does 1-39*, 2011 U.S. Dist. LEXIS 116552, at *6,

1  (concluding that plaintiff satisfied the first factor by identifying the defendants' IP
2  addresses and by tracing the IP addresses to a point of origin within the State of
3  California); *see also Pink Lotus Entm't v. Does 1-46*, 2011 U.S. Dist. LEXIS 65614, *6
4  (same). Others have concluded that merely identifying the IP addresses on the day of the
5  alleged infringement satisfies this factor. *808 Holdings*, 2012 WL 1648838, at *4 (citing
6  cases).

7        Here, Plaintiff provided the Court with sufficient specificity that it seeks to sue a
8  real person subject to this Court's jurisdiction. In support of its identification of the
9  missing party, Plaintiff provides declarations and factual contentions with evidentiary
10 support in its complaint. Specifically, Plaintiff provides declarations from a BitTorrent
11 investigator, Daniel Susac, and from a former detective and founder of Computer
12 Forensics, LLC, Patrick Paige.

13       Mr. Susac is an employee in the litigation support department of Excipio GmbH
14 ("Excipio"). Excipio is a forensic investigation service company. (Doc. No. 4-3, ¶¶ 4-5.)
15 Mr. Susac testifies that Excipio "routinely monitors" the BitTorrent file distribution
16 network to find IP addresses that are used to distribute Plaintiff's copyrighted works
17 without authorization. (Doc. No. 4-3, ¶¶ 6-7.) He attests he used forensic software called
18 Network Activity Recording and Supervision ("NARS") to scan the BitTorrent network
19 for infringing activity involving Plaintiff's copyrighted works. (Doc. No. 4-3, ¶¶ 8-15.)
20 These monitoring efforts indicated that the IP address at issue transmitted copies or
21 portions of copies of Plaintiff's copyrighted works at specific dates and times. (Id.; Doc.
22 No. 1-1 (Exh. A).)

23       Mr. Paige attests that an IP address is a sufficient means to identify the user behind
24 it. (Doc. No. 4-4, ¶¶ 10, 11.) He contends that "[t]he only entity able to correlate an IP
25 address to a specific individual at a given date and time is the Internet Service Provider
26 ('ISP')." (Id.)

27       The factual contentions in Plaintiff's Complaint trace the allegedly offending IP
28 address to this District. Plaintiff states that it "used proven IP address geolocation

technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District." (Doc. No. 1, ¶ 6.)

Based on this evidence and information, the Court finds Plaintiff satisfied the "sufficient specificity" threshold. Plaintiff provides the Court with information about the allegedly infringing activity at a particular IP address, including the dates and times of particular infringing activity. (Doc. No. 1-1 (Exh. A. to the Complaint).) Plaintiff also states in its Complaint that it narrowed the activity to a specific IP address, and that it used geolocation technology to trace the identified IP address to within this District. Fed. R. Civ. P. 11(b)(3) (by presenting to the court a pleading, any attorney certifies that the "factual contentions have evidentiary support…."). Accordingly, the Court concludes Plaintiff provided a sufficient showing that it seeks to sue a real person subject to the Court's jurisdiction. Likewise, if Plaintiff obtains the identifying information from the ISP for the subscriber assigned the IP address at issue, the information sought in the subpoena would likely enable Plaintiff to serve the Defendant.

### b. Previous Attempts to Locate Defendants

Second, Plaintiff must describe all previous steps taken to locate the Defendant to ensure that Plaintiff made a good faith effort to identify the Defendant. Here, Plaintiff states that it diligently attempted to locate Defendant by searching for Defendant's IP address using online search engines. Plaintiff also states it engaged in diligent research to attempt to identify Defendant using other means, and also extensively discussed this issue with its computer forensics investigator. Plaintiff states that despite its diligent efforts, it is unable to identify any means of obtaining the identity of the Defendant other than through subpoenaing the information from the ISP. (Dkt. No. 4-1 at 21-22; *see also* Dkt. No. 4-4 at ¶ 10 ("[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider ('ISP').")). In light of this information, the Court finds Plaintiff made a good faith effort to identify and locate the Defendant.

### c. Whether Plaintiff Can Withstand a Motion to Dismiss

To survive a motion to dismiss, Plaintiff must make a *prima facie* case of copyright infringement. A plaintiff must show: (1) ownership of a valid copyright; and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *Range Road Music, Inc. v. East Coast Foods, Inc*., 668 F.3d 1148, 1153 (9th Cir. 2012).

Here, Plaintiff alleges it is the owner of the copyrights-in-suit. (Dkt. No. 1 at ¶ 32.) Plaintiff also submits a declaration from Colette Field, one of the co-owners of Malibu Media, who attests that the works transmitted by the IP address at issue are Malibu Media's original copyrighted works. (Dkt. No. 4-2 at ¶¶ 20-21.) Plaintiff also alleges that Defendant used BitTorrent to copy and distribute the elements of the original works covered by the copyrights-in-suit without authorization. (Dkt. No. 1 at ¶¶ 33-34.) Additionally, Plaintiff alleges sufficient facts to show it can withstand a motion to dismiss for lack of personal jurisdiction and withstand a motion for improper venue because Defendant's IP address was traced to a location in this District. (Dkt. No. 1 at ¶¶ 5-7.) Accordingly, the Court concludes Plaintiff has alleged a *prima facie* showing of copyright infringement that would likely withstand a motion to dismiss.

### d. Additional Considerations

Notwithstanding the above conclusions, the Court notes the growing concerns about "copyright trolls," which are "roughly defined as plaintiffs who are 'more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service.'" *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751, * 2 (S.D.N.Y. July 6, 2015) (*quoting* Matthew Sag, Copyright Trolling, An Empirical Study, 100 Iowa L. Rev. 1105, 1108 (2015)). As one district court recently noted, the "danger of copyright trolls is particularly acute in the context of pornography." *Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534 (E.D. Cal. Mar. 18, 2016). "In these cases, 'there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of

publicity surrounding unfounded allegations.'" *Id.* (*quoting Media Prods., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 84111, at *4 (S.D.N.Y June 18, 2012).[1]  Indeed, other courts have examined and recounted instances of Malibu Media's abuse of court process and questionable conduct in its litigations across the country.  *See Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534, *9-12 (E.D. Cal. Mar. 18, 2016) (providing excerpts from a Southern District of New York case, *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751 (S.D.N.Y. July 6, 2015), which discussed Malibu Media's abuses of process).

      This Court likewise "shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses" to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment.  *Malibu Media, LLC v. Does 1-5*, 2012 U.S. Dist. LEXIS 77469, *1 (S.D.N.Y. June 1, 2012).  Here, Plaintiff has nonetheless sought to alleviate these concerns by submitting a declaration from Collette Field, one of the co-owners of Malibu Media.  Ms. Field states Malibu Media solely seeks to protect its frequently infringed copyrights and does not seek to use the court system to profit from infringement.  (Dkt. No. 4-2 at ¶ 14.)  She further attests the owners of Malibu Media instructed their legal team to only target the worst alleged infringers, and to allow defendants to litigate through discovery anonymously.  (Dkt. No. 4-2 at ¶¶ 14, 16.)

---

[1] This is particularly so because "[t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection." *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751, *14 (S.D.N.Y. July 6, 2015) (*quoting Patrick Collins, Inc. v. Does 1-6,* 2012 U.S. Dist. LEXIS 77486 *1 (S.D.N.Y. June 1, 2012) (internal citations omitted).  Nonetheless, it is not clear to this Court how Plaintiff could discover this information without first identifying the subscriber to the IP address and making appropriate inquiries.  *Dead Season LLC v. Doe*, 2013 U.S. Dist. LEXIS 101993, *16 (D. Ariz. July 19, 2013) (concluding the same).

Plaintiff also states that it does not solicit settlements before serving a Plaintiff and will only settle before service where the defendant initiates the request. (Dkt. No. 4-1 at 10.) Plaintiff also states it will not object to the Court imposing conditions it deems necessary to protect against any perceived concerns, such as by allowing the defendant to litigate through discovery anonymously or by imposing conditions that would prohibit potentially abusive settlement tactics. (Dkt. No. 4-1 at 11.) Given Plaintiff and its counsel's representations that it will not engage in unscrupulous settlement tactics, the Court does not find conditions to prevent such tactics are necessary at this time. However, to protect from embarrassment the possibly innocent defendant, the Court will set forth conditions below intended to provide additional safeguards to the process. *See e.g., Malibu Media v. Doe,* 2014 U.S. Dist. Lexis 79595, *5 (M.D. Fla. Apr. 10, 2014) (imposing similar conditions and citing cases that do the same); *see also Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534, *17 (E.D. Cal. Mar. 18, 2016).

**IV. Conclusion**

For good cause shown, the Court **GRANTS** Plaintiff's *ex parte* motion for leave to serve a subpoena prior to a Rule 26(f) conference. It is **ORDERED** that:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. The ISP is **not** to release the Defendant's telephone number or email address. Plaintiff shall attach to any such subpoena a copy of this Order.
2. Within fourteen (14) calendar days after service of the subpoena, the ISP shall notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The ISP must also provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

3. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure of his or her name and contact information by filing an appropriate pleading with this Court contesting the subpoena. A subscriber who moves to quash or modify the subpoena may proceed anonymously as "John Doe," and shall remain anonymous until the Court orders that the identifying information can be released.

4. If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. If the Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: March 28, 2016

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge